## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Citibank, N.A., Solely as Owner | § | |
| Trustee of the New Residential | § | |
| Mortgage Loan Trust 2019-6, | § | |
| *Plaintiff,* | § | |
| | § | Civil Action H-25-6284 |
| v. | § | |
| | § | |
| Bennie Lee Qualls, et al., | § | |
| *Defendants.* | § | |

### ORDER ON PLAINTIFF'S AMENDED MOTION
### TO APPOINT ATTORNEY AD LITEM

Pending before the court is Plaintiff's Amended Motion to Appoint Attorney Ad Litem. ECF No. 18. Plaintiff asks the court to "appoint an attorney ad litem to attempt to determine, locate, and represent the unknown heirs in this matter." *Id.* at 2 (citing Fed R. Civ. P. 4(e)(1); Tex. Est. Code Ann. § 53.104).

Under Texas Estates Code § 53.104, "the judge of a *probate court* may appoint an attorney ad litem in any probate proceeding to represent the interests of any person," including unknown or missing heirs. (emphasis added). Rule 4(e)(1) provides that service of process may be effectuated by following state law. However, "it is not at all clear to the Court that Federal Rule 4(e)(1) authorizes the appointment . . . of an attorney ad litem to represent unknown heirs to the deceased owners of property." *Ocwen Loan Servicing LLC v. Lane*, No. A-15-CA-244-SS, 2015 WL 7301182, at \*1 (W.D. Tex. Nov. 18, 2015) (involving a case where plaintiff requested that the federal government pay for the attorney ad litem).

While a federal court may "entertain suits in favor of creditors . . . and other claimants against a decedent's estate," it lacks subject matter jurisdiction to engage in the purely probate

functions involved in estate administration. *Lane*, 2015 WL 7301182, at \*2 (citing *Markham v. Allen*, 326 U.S. 490, 494 (1946)). Appointing an attorney ad litem under these circumstances appears to be "a purely probate function." *See id.* at 2 ("While Plaintiff contends 'it does not ask the court to create or oversee the administration of an estate for [the decedents],' Plaintiff has thus far asked the court to [] authorize appointment of an ad litem to determine whether two intestate decedents have any heirs . . . . Plaintiff wants what is in essence an administration of the [decedents'] estates—a purely probate function outside this Court's jurisdiction.").

Plaintiff has not established that the court's subject matter jurisdiction under the probate exception extends to appointment of an attorney ad litem. Accordingly, Plaintiff's Amended Motion to Appoint Attorney Ad Litem, ECF No. 18, is **DENIED** without prejudice.

By **May 29, 2026**, Plaintiff shall file a brief explaining whether, and how, the court has subject matter jurisdiction to appoint an attorney ad litem in this matter.

The initial conference scheduled for May 14, 2026, is **CANCELED**. It will be rescheduled, as needed, pending the court's determination on the issue of its subject matter jurisdiction.

Signed at Houston, Texas, on May 13, 2026.

_____
Peter Bray
United States Magistrate Judge